CASE 35—MOTION FOR ALLOWANCE—APRIL 25.

# Power v. Fleming County.

APPEAL FROM FLEMING CIRCUIT COURT.

1. COUNTY ATTORNEY—COLLECTION OF FINES.—Fines and costs against defendants in criminal cases which are not paid or replevied, but which are worked out at hard labor for the benefit of the county, are not "collected" within the meaning of the statute; and, consequently, the county attorney who prosecutes in those cases is not entitled to his per centum of such fines.

J. H. POWER FOR APPELLANT.

1. Appellant as county attorney is the owner of the commissions allowed him by law in the judgments against the several defendants, and to that extent is the owner of the judgments against them.

2. Appellee having coerced the payment of said judgments, including appellant's interest therein, thereby appropriated to its own use that part of said judgments belonging to appellant, and the law will imply a promise upon its part to repay the same. (Dillon on Municipal Corporations, vol. 1, sec. 460, 3d ed.; Marsh v. Fulton County, 77 U. S., 1040; Norton v. Shelby County, 118 U. S., 190; City of Louisiana v. Wood, 103 U. S., 153; Am. & Eng. Enc. of Law, vol. 4, p. 364; Gilman v. County of Costa Costa, 68 A. D., 290 and notes; Harris County v. Campbell, 2 Am. S. R., 467; City of Paducah v. Calhoun, 78 Ky., 323; Underwood v. Newport, 5 B. M., 129; Frankfort Bridge Co. v. City of Frankfort, 18 B. M., 41.)

W. G. DEARING FOR APPELLEE.

1. Before the county attorney can receive his per cent. of the fine, it must be *imposed* and *recovered*. (Gen. Stats., sec. 9, chap. 5, p. 180.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant, as county attorney of Fleming county, prosecuted in 1890, and for several succeeding years in mag-

isterial and other courts numerous cases where judgments for fines in favor of the Commonwealth were rendered, and where the verdicts of the juries fixing the fines provided, in the language of the statute that "if the fine and costs are not immediately paid or replevied by the defendant he shall be put at hard labor in lieu of imprisonment for non-payment of the fine."

Accordingly, such of the defendants as failed to pay or replevy were "placed under the control of the jailer at hard labor for the benefit of the county" until the fine was paid. Thereupon the appellant demanded of the fiscal court of his county thirty *per centum* provided for him by statute where such fines are imposed and *collected*, contending that as the defendants had paid the judgments to the county the latter had, in effect, "collected" them, and, therefore, ought to account to him to the extent of his *per centum* therein. His claim was rejected, both in the county and in the circuit courts.

The statute in force at the time of this service provided not only that the fines should be imposed but also *collected* before the attorney could demand his *per centum*. (Section 3, of amendment of April 28, 1884, B. & F.'s G. S., edition 1888, page 182.)

We think the word "collected" is used in this statute in its ordinary sense. When the judgment is rendered the defendant may pay it immediately or replevy it and afterwards pay it, in which events, and only in which, can it be said that the fine is "collected." Besides, the service of the attorney is not rendered at the instance or request of the county. The prosecution is in behalf of the Commonwealth, and while the officer designated by law works the culprit for the benefit of the county and thus the fine due the

Commonwealth is discharged, the county is the mere passive beneficiary and gets the advantage of the work, because the law requires it to do so, and not because it asks it or even desires it.

The "hard labor" of the defendant, on his failure to pay or replevy the fine, is a part of his punishment provided by law. Incidentally the county may be benefited under the express requirements of the law. Much clearer language must be used than is found in these various statutes before we can impose such heavy and uninvited obligations on the various counties.

The judgment dismissing the plaintiff's claim is affirmed.