CASE 89.—ACTION BETWEEN THE HOME SAVINGS FUND COMPANY BUILDING ASSOCIATION AND H. B. DRIVER, &C., INVOLVING THE RIGHT OF THE ASSOCIATION TO ACQUIRE AND HOLD CERTAIN REAL ESTATE.—October 14.

## Home Savings B'ld'g Assn. v. Driver, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment, the association appeals.—Affirmed.

1. Building and Loan Associations—Right to Acquire Real Estate Necessary for Carrying on Business.—The charter of a building and loan association, as originally granted, gave it the power to buy and hold real estate. Ky. St. 1903, section 573,.

repeals all charter provisions inconsistent with the provisions of the chapter including that section, and all powers which could not be obtained under the provisions of that chapter. Section 870 authorizes a building and loan association to purchase real estate upon which it may have a mortgage, lien, or judgment, and to dispose of the same within five years after it has acquired title. Const. section 192, and Ky. St. 1903, section 567, each forbid a corporation to hold any real estate, except that necessary for its business, for a longer period than five years. Held, that section 870, when read in connection with the charter provision of the association, as originally granted, and section 567 cannot be construed as a limitation on the right to acquire and hold real estate, but rather grants an additional power to the association to protect itself in the collection of debts; and hence the association could acquire and hold such real estate as might be necessary to carry on its business, to be held without limitation as to time.

2. Same—Reasonable Exercise of Power.—The purchase of a plot of ground 22½ feet by 97 feet cannot be said to be an unreasonable exercise of the power of a building and loan association to acquire and hold real estate necessary to its business, but on the contrary is quite reasonable.

3. Same.—The power of a building and loan association to acquire and hold real estate necessary to its business carries with it the right to pay therefor from its accumulated moneys.

4. Same—"Necessary Expense."—The acquisition of a place or home by a building and loan association for the conduct of its business is a "necessary expense," within Ky. St. 1903, section 863, making provision for the allowance of necessary and proper expenses from moneys accumulated.

5. Same.—A building and loan association, in erecting or owning a building of more than sufficient capacity to accommodate its own business, and leasing the unused portions thereof for the time being, or until such time as they may be needed by the association, does not engage in another business than that authorized by its charter in violation of Const. section 192, or Ky. St. 1903, section 567.

THOS. A. BARKER for appellant.

JOHN MANLEY of counsel.

## POINTS AND AUTHORITIES.

1. The provisions of chapter 32 relative to corporations generally do not embrace building and loan associations. Section 192, Constitution; Chapter 32, sections 567, 538, 582, 612, 632, 685, Ky. Statutes.)

2. Section 870 of Kentucky Statutes restricts such corporations to real estate referred to in said action. (Ky. Stats., 870; Globe Building & Loan Co.'s Assignee v. Wood, &c., 110 Ky., 4.)

3. The right to own real estate is purely statutory. (Thornton. & Blackledge on Building & Loan Assns., 400; Cyc. vol. 6, p. 120, 140; A. & E. Encyc. vol. 4, pp. 1025, 1026; Illinois Revised Stat., (Stau and Curtis) 1896, pp. 1046-1054.)

4. Section 863 povides what disposition shall be made of moneys. accumulated and there being no provision for investments contemplated herein the appellant has no authority to divert the funds. (Ky. Stats., 854, 863.)

5. The Constitutional and statutory provisions concerning the ownership of real estate for business purposes forbid the use of more ground than is absolutely necessary for the construction of a new building or remodeling of the old improvements would be such an investment of funds not contemplated by the framers. of that portion of act relative to building and loan associations.

6. The provisions of section 870, under any construction forbid. the holding of real estate by corporations of character of appellant. for a longer period than five years.

DAVIS W. EDWARDS and L. A. HICKMAN for appellees.

BOYCE, WATKINS and FRANK WITHERS of counsel.

## POINTS AND AUTHORITIES.

1. Appellant under the Statutes of Kentucky has the power to purchase and hold real estate necessary and proper for carrying on its legitimate business. (Ky. Stats. 538, 567, 870; Cynthiana, etc., T. P. Co. v. Hutchinson, 22 Ky. Law Rep., 1233.)

2. Appellant has the power to use any part of its accumulated money for the purchase of any such real estate. (Ky. Stats, 863.)

3. Appellant has the further power of erecting, remodeling and owning a building of more than sufficient capacity to accommodate its own business and to rent out the excess. (Cyc. vol. 10, p. 1096.)

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The four questions involved in this appeal are: First, the right of a building association to acquire such real estate as may be necessary and proper for carrying on its legitimate business; second, the right of such a building association to use the money accumulated, or any part thereof, in paying for such real estate; third, can such building association purchase more real estate, or erect or remodel a building thereon, so that the same shall contain more space or room than is sufficient for carrying on its legitimate business, and if it did so build more room than was necessary for the legitimate and proper conduct of its business, would it have the right to rent out such unused or unoccupied space? and, fourth, if it so acquired real estate, could it hold it for a longer period than five years? These questions were raised by the Home Savings Fund Company Building Association of Louisville, Ky., when negotiating with appellees for the purchase of a lot 22½ feet front by 97 feet deep on Green street, east of Fifth street, in the city of Louisville. Said association was chartered by an act of the Legislature in 1889, under the corporate name of "Home Savings Fund Company." Laws 1889, p. 477, c. 1426. Among the powers conferred upon it by its charter is the right to "have, purchase and receive, possess, enjoy and retain, sell, convey or otherwise dispose of lands," etc. On September 27, 1897, the said association amended its articles of incorporation by adding thereto the words "Building Association" to comply with the provisions of section 856 of the Kentucky Statutes of 1903.

Section 573 of the Kentucky Statutes of 1903 provides that: "The provisions of all charters and articles of incorporations, whether granted by special act of the General Assembly or obtained under any general incorporation law which are inconsistent with the provisions of this chapter, concerning similar corporations, to the extent of such conflict, and all powers, privileges or immunities of any such corporation, which could not be obtained under the provisions of this chapter, shall stand repealed on September 28, 1897," etc.  This section expressly repeals any privilege or right conferred by the charter of the said association which is in conflict with the statutory provisions regulating corporations, as found in chapter 32 of the Kentucky Statutes of 1903.  It is argued that section 870 of the Kentucky Statutes of 1903, which provides as follows: "Any such corporation may purchase at any sale, public or private, any real estate upon which it may have a mortgage, lien or judgment, or in which it may have an interest, and may dispose of the same at pleasure, but within five years after it has acquired title thereto"—only authorizes a building association to purchase real estate upon which it may have a mortgage, lien, or judgment; that it has no right to purchase except as expressly authorized by this section of the statute. That this section restricts its right in the purchase and ownership of real estate, and, that while section 192 of the Constitution, which is as follows: "No corporation shall engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its business, for a period longer than five years, under penalty of

escheat"—does not prohibit a corporation from own-
ing real estate for business purposes, still, where the
Legislature, for the purpose of advancing and pro-
tecting the interests of such persons as are interested
in and do business with a particular corporation, has
enacted such laws as are best calculated to advance
and protect their interests, and if such laws expressly
forbid such corporations from acquiring, owning, or
dealing in real estate, except in a particular way and
for a particular purpose, it necessarily follows that
the right to acquire, purchase, hold, or possess real
estate for any other purpose is forbidden. As above
stated, the charter of the appellant association, as
originally granted, gave it the right to acquire, pos-
sess, enjoy, retain, etc., real estate, and there is noth-
ing in chapter 32 which deprives it of this right, unless
it can be said that section 870, above referred to, so
operates. This section is clearly dealing with a class
of real estate which it could not, in any event, claim
was being purchased for the purpose of enabling the
association to transact and carry on its legitimate
business. Hence, when section 870 is read in connec-
tion with the charter provisions of the association, as
originally granted, and section 567 of the Kentucky
Statutes of 1903, it can not be construed to be a limi-
tation on the statutory right of the association to pur-
chase, acquire, possess, or hold real estate, but is
rather an enlargement of its right so to do—the crea-
tion of an additional power, as it were, for the purpose
of enabling the association to protect itself in the
collection of its delinquent debts, which, according to
the provisions of its by-laws, are in the main secured
by mortgage upon real estate.

Considering all three of these sections together, the
association has the right to acquire and hold such real

estate as may be necessary to enable it to properly carry on its legitimate business; that is, as may be necessary to furnish sufficient space upon which to build the house in which the business of the association may be carried on. Such property it may hold without limitation as to time. In addition to this right, it may purchase, at either public or private sale, any real estate upon which it has a mortgage, lien, or judgment, and acquire title thereto in order to facilitate the collection of its debts. But such real estate, so acquired, may not be held by the association more than five years from the date of its purchase. The exercise of such powers and rights on the part of the building association are in perfect harmony and accord with section 192 of the Constitution, above cited. Hence we conclude that the appellant association has a right to acquire title to so much real estate as may be necessary and proper for carrying on its business, and the purchase of a plot of ground 22½ feet by 97 feet can not be said to be an unreasonable exercise of this power on the part of the association. On the contrary, it is quite reasonable. It is argued that the association could rent a place in which to carry on its business, still, if those charged with the conduct of its affairs considered it more economical, and more to the interest of the stockholders in said association, to own its place of business rather than to rent, it would be their duty to purchase the necessary real estate, and make such improvements thereon as the best interests of the association require.

The next question is, has the association the power to use any part of its accumulated moneys for the purchase of such real estate? Clearly the power or right on the part of the association to purchase carries with it the right to pay for the real estate; other-

wise the right to purchase would become a nullity. Section 863 of the Kentucky Statutes of 1903, provides: "The moneys accumulated, after due allowance made for all necessary and proper expenses, and for the withdrawal of shares, shall at each monthly or weekly meeting, be offered to the members according to their priority or right to a loan as fixed by the by-laws. Each member whose bid is accepted shall be entitled, upon giving proper security and complying with the by-laws, to receive a loan equal to the par value of each share held by him, or such fractional part thereof as the by-laws allow. If a balance of money remains after monthly loans, the directors may invest the same in good and safe bonds or real estate securities." It will be observed that in said section provision is made for the necessary and proper expenses incurred in the conduct of the association's business. A part of the necessary expenses is the furnishing of a place or home in which the business may be conducted. The character of the place or home in which this business is conducted must, of necessity, depend upon the size of the association and the nature and extent of its business. A small association, with little capital and little business, must necessarily accommodate itself to, and conduct its business in, small and frequently inexpensive quarters; whereas an association heavily capitalized, and conducting an immense business, would necessarily require more commodious and expensive quarters, and those in charge of its affairs, the directory, would have to determine, in each particular case, whether or not it would be a matter of economy on the part of the association to own its own home. If they considered that it would, it would be their duty to make the necessary provisions therefor. The appellant association in the case at bar is shown

to be capitalized at $7,000.00, has a large number of stockholders, and necessarily lends a great deal of money. Several people are necessarily engaged in the conduct of its business. To such an institution it would, no doubt, be quite an advantage, from an economical standpoint, to own the building in which its business was carried on. But it is argued that to purchase the necessary ground and erect thereon a building of the character which appellant would be required to erect in the business center of a city like Louisville would require an outlay of a considerable sum of money. This is true, but as the expanding business of the association increases, the expenses of operating must necessarily increase, and in the end the expenditure of this sum of money would prove an economical move on the part of the association. If, in the opinion of the directory, it would not be so, they certainly would not be warranted in making the outlay.

The third question is, has the association the right to erect, remodel, or own a building of more than sufficient capacity to accommodate its own business and to rent out the excess? There is nothing in the Constitution, charter of the association, or statutes placing any limitation upon the character of a building which a corporation may erect as a home in which to conduct its business. A corporation conducting a business of the character of that in which appellant is engaged naturally expects its business to grow and expand from time to time, and, in building a home, it would be exercising but a short-sighted judgment if it did not make provision for the future by building a home large enough to take care of its expanding business, and hence, even if it should build a house larger and roomier than its present needs or interests require, it would be acting clearly within the exercise of its cor-

porate right and power. The limitation which the statute imposes is that it shall not own more real estate than is necessary for the proper conduct of its business, but it does not attempt to place any restriction or limitation upon the right of the corporation or association as to the character of building it shall erect on said real estate; and, while the Constitution and the statutes provide that no corporation shall engage in any business other than that expressly authorized by its charter, we are of opinion that, in renting out the unoccupied and unused portions of the building so erected, the association could not be said to be engaged in any other business than that authorized by its charter. The renting of the unused portions of the building is a mere incident in the conduct of its real business. We would not say that a building association might embark in the business of building houses and renting or leasing them, but there is quite a difference in building or renting a house in which to conduct its own business and leasing the unused portion thereof for the time being, or until such time as they may be needed by the association, and in building houses for the purpose of renting or leasing them. The one might properly be said to be the proper exercise of a power incident to the conduct of its legitimate business, whereas the other would be a clear violation of that provision of the statute which denies to any corporation the right to conduct any business other than that authorized by its charter. To hold otherwise would be to charge most of the banking institutions, trust companies, and other corporations, such as title guaranty companies, etc., doing business in the State, and especially in the large cities, with violating the law; for it is well known that there are few of such institutions that do not, at times, rent out or lease the

unneeded portions of the building occupied by them as homes. We do not think that in so doing they are violating any provisions of the law, but that the renting out of the unused or unoccupied portions of their buildings is but an incident in the conduct of their business.

For the reasons indicated, the judgment of the lower court is affirmed.