## Cree v. The Associates Company.

(Decided November 1, 1921.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Corporations—Real Estate—Right to Hold—Constitution.—Section 192 of the Constitution, providing that a corporation shall not, un-

der penalty of escheat, hold real estate except such as may be proper and necessary for carrying on its business for more than five years, does not apply to a corporation organized for the purpose, and engaged in the business of buying, selling, owning, holding and dealing in real estate.

J. J. HANCOCK for appellant.

SHACKELFORD MILLER, SHACKELFORD MILLER, JR., and NEVILLE MILLER for appellee.

SAMUEL M. WILSON, Amicus Curiae.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The question for decision on this appeal is whether a corporation organized for the purpose of buying, selling, dealing in and holding real estate is prohibited by section 192 of the Constitution from holding real estate for a longer period than five years.

The question arises in the following way: The Associates Company was incorporated in the year 1919 for the purpose of engaging in the business of buying, selling, dealing in and holding real estate. It is its purpose to buy acreage property adjacent to and adjoining the city of Louisville, divide the property into building lots and sell same to those desiring to build homes. It also intends to build an apartment house, from five to eight stories, upon land owned by it, and operate and conduct the apartment house for a period of from at least six to eight years as a part of its business. The company's authorized capital stock is $50,000.00, divided into 5,000 shares of the par value of $10.00 each. On November 22, 1919, L. T. Cree subscribed for 100 shares of the stock, which he agreed to pay for at the expiration of sixty days. Having refused to comply with his contract, the company brought suit to collect the subscription. Cree defended on the ground that the company proposed to hold some of its real estate for a longer period than five years, which action on its part would subject the property to escheat and render its stock of no value. A demurrer to the answer was sustained, and the defendant having declined to plead further, judgment was rendered in favor of the company. Defendant appeals.

The applicable provision of the Constitution is section 192, which is as follows:

"No corporation shall engage in business other than that expressly authorized by its charter, or the law under

which it may have been or, hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its legitimate business, for a longer period than five years, under penalty of escheat.''

It will be observed that this section imposes on a corporation two restrictions: (1) It shall not engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized. (2) It shall not hold any real estate except such as may be proper or necessary for carrying on its legitimate business for a longer period than five years. It cannot be doubted that, in the absence of a constitutional limitation, the legislature has the power to authorize the formation of a corporation for the purpose of carrying on any legitimate business and to determine what is a legitimate business. Our former constitutions contained no provision limiting the legislative power in this respect and it is apparent that section 192, *supra,* of our present Constitution contains no such limitation. On the contrary, it recognizes the fact that a corporation may engage in any business authorized by the legislature, and the words, ''its legitimate business,'' in the limitation on the power of a corporation to hold real estate, necessarily mean the business which it is empowered to carry on. From our earliest history the legislature has recognized the buying, selling, owning and dealing in land as a legitimate corporate function, and either by special charters or general law has authorized the organization of numerous corporations for the purpose of carrying on such business. Not only so, but section 538, volume 3, Kentucky Statutes, enacted in the year 1916, authorizes the formation of corporations ''for the transaction of any lawful business, or to promote or conduct any legitimate object or purpose, including the buying, selling, holding, dealing in, renting and letting of real estate, under the provisions of, and subject to, the requirements of this article.'' The only restrictions are those applicable to certain designated corporations which are not involved here. Here we have an express determination by the legislature that the buying, selling, holding, dealing in, renting and letting of real estate is a lawful business, and one which a corporation may be authorized to transact. Therefore, the case is one where the corporation has been authorized to carry on such business, and the business is legitimate. What, then, is the

effect of section 192?   It does not restrict altogether the right of a corporation to hold real estate.   The only restriction is that it shall not hold any real estate except such as may be proper and necessary for carrying on its legitimate business for a longer period than five years. Here, the sole business of the corporation is the buying, selling, dealing in and holding of real estate.   It cannot be said that the holding of real estate is not necessary and proper for carrying on the legitimate business of a corporation, when the holding of real estate is the very business in which it is engaged and it cannot carry on its business without holding real estate.   We, therefore, conclude that section 192 of the Constitution does not apply to a corporation organized for the purpose, and engaged in the business of buying, selling, owning, holding and dealing in real estate.

Judgment affirmed.