## Board of Trustees of Carnegie Public Library v. City of Paducah.

(Decided May 4, 1928.)

### Appeal from McCracken Circuit Court.

1. Fines.—Under Ky. Stats., sec. 3210b, providing for payment to library of one-half of fines and costs collected in police court, word "collected" means recovered into city treasury in money, and does not include fines and costs against defendants in criminal cases, worked out on streets or public works of city.

2. Municipal Corporations.—Under Ky. Stats., sec. 3210a, providing that city must appropriate money necessary for support of library, with funds otherwise therefor provided by law, to make total sum of not less than $5,000, other funds paid to library by city are to be taken into consideration in determining minimum amount required to be paid; city not being required to appropriate annually for library separate sums necessary to pay $5,000 in addition to sums paid under contract and proportion of fines and costs collected in police court.

3. Municipal Corporations.—Where library received more than minimum amount required for its support by Ky. Stats., sec. 3210a, by share of fines and costs collected in police court, and in addition

received sum required by contract between ctiy and Carnegie Foundation establishing library, petition by trustees of library to recover additional sums for support of library, was properly dismissed on demurrer.

W. A. BERRY for appellant.

A. Y. MARTIN and C. H. LOWRY for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The board of trustees of the Carnegie Public Library brought this action against the city of Paducah to recover $50,000. The defendant's demurrer to the petition was sustained by the lower court and the petition dismissed. The library was established in 1902 partly with a donation made by Andrew Carnegie, and, in the contract between Carnegie and the city, the latter agreed to pay to the library $3,500 annually to maintain and support it.

Section 3210, Kentucky Statutes, provides, that, in aid of the establishment and maintenance of a public library in cities of the second class, to which Paducah belongs, there shall be paid to the library "one-half. of the net amount of all fines and costs collected in the police court." One-half of the net amount of all fines and costs actually paid into the city treasury has been paid to the library, and it is conceded that the portion of the fines and costs paid to it amounts to $10,000 annually.

The petition alleges that, under the provision of the statute above quoted, the library is also entitled to one-half of all fines and costs worked out on the streets or public works of the city, and that the amount due the library under this claim is $25,000. The disposition of this question depends on the definition of the word "collected" as used in the statute referred to. It is the contention of the appellant that fines and costs collected in the police court mean all fines and costs, whether paid in cash or worked out on the streets or public works of the city. With this contention we cannot agree. The word "collected," as used in the statute, means recovered into the city treasury in money.

A somewhat similar statute was construed by this court in Power v. Fleming County, 99 Ky. 200, 35 S. W. 541, 18 Ky. Law Rep. 61. There the county attorney of Fleming county sought to recover 3 per centum of fines imposed in inferior courts and not paid in cash but worked out by the defendants. The statute in force at

the time provided that the county attorney should receive 3 per centum of all fines imposed and collected, and it was contended that, as the defendants had paid the judgments to the county in labor, the latter had in effect collected them, and therefore ought to account to the county attorney to the extent of his per centum therein. In denying this contention, this court said:

> "We think the word 'collected' is used in this statute in its ordinary sense. When the judgment is rendered the defendant may pay it immediately or replevy it and afterwards pay it, in which events, and only in which, can it be said that the fine is 'collected.'"

In Abbott v. City of Louisville, 14 S. W. 540, 13 Ky. Law Rep. 87, the prosecuting attorney for the city of Louisville sought to recover 30 per centum of the fines and costs not paid into the city treasury but worked out. As compensation for his services, he was entitled to receive "thirty per cent. of all fines and forfeitures collected in the city court of Louisville during his term of office, either made to the city or the commonwealth, which shall be in lieu of all salary and fees of any kind." It was held that plaintiff was only entitled to 30 per centum of fines and costs paid into the city treasury in cash, the court saying:

> "The words 'collected in the city court,' have some definite meaning, and certainly do not embrace fines imposed by that court, whether collected or not. The workhouse is not maintained by the city as a means of making a revenue for the city government, but more for the purpose of punishing those who violate the law, and are unable to pay their fines in the city court. They are sent to the workhouse, and made to labor in satisfaction of the judgment against them."

We conclude that where fines and costs against defendants in criminal cases are not paid, and they are placed at hard labor for the benefit of the city, such fines and costs are not collected within the meaning of section 3210b of the Statutes.

The petition also alleges that the funds received from the city were not sufficient to properly maintain the library, and that more than $5,000 annually in addition to the funds received was necessary to properly maintain

it, and that, under section 3210a of the Kentucky Statutes, the library is entitled to such sums of money as may be necessary for its proper maintenance, and the city is required to appropriate not less than the sum of $5,000 annually to be applied to such purpose, in addition to other funds provided by law, and that the city is indebted to the library in the sum of $5,000 for each of the five years immediately preceding the institution of this action. Section 3210a reads in part:

> "Whenever in any city of the second class under laws heretofore enacted, there has heretofore been, or shall hereafter be, accumulated, money to the amount of twenty thousand dollars, ($20,000.00), for the purpose of establishing and maintaining a free public library, then it shall be, and is made the duty of every such city and the common council thereof, to appropriate annually for the support of such free public library, such sums of money as may be necessary, with funds otherwise therefor provided by law to make the total annual sum applied to such purpose by every such city not less than the sum of five thousand dollars ($5,000.00)."

It is appellant's contention that the $5,000 referred to in this section should be paid by the city irrespective of the portion of fines and costs received by the library or of any sum paid to it by the city by virtue of the contract between the city and Andrew Carnegie. It is conceded that the portion of the fines and costs paid to appellant amounts to $10,000 annually, and that the city has annually paid to it the sum of $3,500, the amount provided for in the contract with Carnegie. Whether or not this contract is binding upon the city we need not inquire. Lambert v. Board of Trustees, 151 Ky. 725, 152 S. W. 802; City of Owensboro v. Board of Trustees, 210 Ky. 482, 276 S. W. 143. In any event, appellant has received from the city fines and costs paid into the city treasury amounting to at least $10,000 annually, and in addition the city has annually appropriated $3,500. It is the plain meaning of section 3210a that the city shall appropriate annually for the support of the library not less than the sum of $5,000, but, in determining the minimum amount required, other funds paid to the library by the city as provided by law shall be taken into consideration. By omitting from the statute the qualifying phrase, "with

funds otherwise therefor provided by law," the latter part of the section would read:

"Such sums of money as may be necessary to make the total annual sum applied to such purpose by every such city not less than the sum of $5,000."

By no reasonable interpretation could this section of the statute mean that the city is required to appropriate annually for the support of the library such sums of money as may be necessary up to $5,000, in addition to the sums paid by it under the Carnegie contract and one-half of the net amount of the fines and costs collected in the police court. As the library received more than $5,000 annually for its maintenance from the city, the above provision of section 3210a has been fully complied with, and the demurrer to the petition was properly sustained.

Judgment affirmed.