## Duke et al. v. Boyd County.

(Decided June 15, 1928.)

## Appeal from Boyd Circuit Court.

1. Parties.—Action by several policemen for themselves and others to recover aggregate amount of claims against county for arrests made, under Ky. Stats., Supp. 1926, sec. 2554a-16 (Acts 1922, c. 33, sec. 16), providing for a $5 fee to officer arresting person violating act, held not bad for misjoinder.

2. Constitutional Law.—When power of Legislature to enact law is called in question, sole duty of courts is to look to provisions of federal and state Constitutions, and, if they do not expressly or by necessary and proper implication forbid exercise of power, act must be held valid.

3. Constitutional Law.—Beyond constitutional restrictions, only limits on state Legislature in enacting laws are its own wisdom, sound judgment, and patriotism.

4. Constitutional Law.—Action of state Legislature in enacting law claimed to be unconstitutional will not be interfered with in case of doubt, but only on clear and satisfactory grounds.

5. Statutes.—Ky. Stats., Supp. 1926, sec. 2554a-16 (Acts 1922, c. 33, sec. 16), providing for payment of fee to officer arresting person for violating act, held not invalid, as violating Constitution, sec. 51, because not expressed in title of act reciting "Act to prohibit manufacture, sale, transportation . . . of intoxicating liquors. . . . "

6. Statutes.—Under Constitution, sec. 51, providing that no law shall relate to more than one subject, which shall be expressed in the title, every provision of act need not be specifically referred to in title; it being sufficient that each provision shall be germane and not foreign to title.

7. Statutes.—Under Ky. Stats., Supp. 1926, sec. 2554a-16 (Acts 1922, c. 33, sec. 16), enacted for purpose of enforcing prohibition of intoxicating liquors, reasonable method by which object may be accomplished is naturally related to and connected with subject, and may be included in act as appropriate legislation.

8. Constitutional Law.—Ky. Stats., Supp. 1926, sec. 2554a-16 (Acts 1922, c. 33, sec. 16), providing for payment of fee by fiscal court

of county out of county funds to officer arresting person violating act, operating on all counties alike and in proportion to their interest in enforcement of criminal laws, held not unconstitutional, as unlawful delegation of legislative power to prevent and punish crimes.

9. Counties.—County is political subdivision of state, deriving all its powers and assuming all its burdens by virtue of legislative enactment, except for powers and obligations conferred by the constitution itself.

10. States.—State has right to administer its government through such agencies as Legislature may choose, unless forbidden by Constitution.

11. Counties.—Legislature is not prohibited by Constitution from imposing on county part of burden of enforcing criminal law within its jurisdiction, or of any other function of government.

12. Counties.—That fines and costs for violating laws are payable to municipality within county or to state is immaterial in determining validity of Ky. Stats., Supp. 1926, sec. 2554a-16 (Acts 1922, c. 33, sec. 16), providing for payment of fee from costs or county fund to officer arresting violator of act.

13. Counties.—Ky. Stats., Supp. 1926, sec. 2554a-16 (Acts 1922, c. 33, sec. 16), providing for payment of fee from costs or county funds to officer arresting violator of act, held not in violation of Constitution sec. 181, prohibiting the imposition of taxes for purpose of any county, but permitting Legislature to authorize authorities to assess taxes.

14. Counties.—Imposition of burden on county or other municipality, though it may necessitate levying of taxes, is not imposition of taxes by General Assembly, in violation of Constitution sec. 181.

JAMES B. ADAMSON and JOHN S. FULLERTON for appellants.

JOS. M. SPEARS and MARTIN & SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Section 16 of the Rash-Gullion Act of 1922 (Acts 1922, c. 33), now section 2554a16, Kentucky Statutes, Baldwin's 1926 Supplement, provides as follows:

"Any peace officer making an arrest of any person for any violation of this act shall, upon final conviction of defendant, receive a fee of $5.00 to be taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the county and paid out of county funds."

This suit was brought against Boyd county by William Duke, W. B. Gainey, and M. L. Hutchinson, in their

own behalf, and for the use and benefit of about 25 police-men and ex-policemen of the city of Ashland to recover the sum of $6,514.25, being the aggregate amount of their claims against the county for arrests made under the foregoing statute between January 1, 1923, and October 1, 1926. The county interposed a demurrer to the petition, as amended, and the petition was dismissed. Plaintiffs have appealed.

It is first insisted that there was a misjoinder; but the case cannot be distinguished from Gorley v. City of Louisville, 65 S. W. 844, 23 Ky. Law Rep. 1782, where it was held that, under section 25, Civil Code of Practice, providing, "If the question involved a common or general interest of many persons, or if the parties be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all," several of a large number of policemen, having claims against the city for compensation for the time they were illegally suspended under a void order, might sue for the benefit of all.

The only defense to the claims of the policemen is that the statute is unconstitutional. It must not be overlooked that, when the power of the Legislature to enact a law is called in question, the sole duty of the courts is to look to the provisions of the federal and state Constitutions, and if they do not in express terms, or by necessary and proper implication, forbid the exercise of such power, they must uphold the validity of the act. Beyond the constitutional restrictions thus to be interpreted the only limits upon the state Legislature in enacting laws are its own wisdom, sound judgment, and patriotism. In case of doubt its action will not be interfered with by the courts. Respect for the wisdom of a co-ordinate department of the government, as well as sound policy, forbids such interposition except upon clear and satisfactory grounds. Commonwealth v. Goldburg, 167 Ky. 96, 180 S. W. 68; Craig v. O'Rear, 199 Ky. 553, 251 S. W. 828; Potter v. Dark Tobacco Growers' Co-op. Ass'n, 201 Ky. 441, 257 S. W. 33. With these principles in mind, let us examine the grounds on which the statute is assailed.

We find no merit in the contention that the quoted provision is invalid in that it violates section 51 of the Constitution, which provides:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title. . . . "

It is not essential that every provision of an act be specifically referred to in the title. All that is necessary is that each provision shall be germane, and not foreign, to the title. The title of the act of which the quoted provision is a part need not be quoted at length. The title, in part, is:

"An act to prohibit the manufacture, sale, transportation, possession, or other disposition, of spirituous, vinous, malt, or intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes."

The statute was enacted for the purpose of enforcing a prohibition. Therefore, any reasonable method or means by which that object may be accomplished is naturally related to, and connected with, the subject, and may be included in the act as appropriate legislation. Collins v. Henderson, 11 Bush, 74; Commonwealth v. Starr, 160 Ky. 260, 169 S. W. 743.

The principal ground on which the validity of the act is challenged may be summarized as follows: The prevention and punishment of crime is an attribute of state sovereignty, and no such power lies in a county as a political subdivision of the state. Being purely a state function, the Legislature is without power to impose upon a county the burden of administration of that function without making provision for revenue to defray the expense of such administration. Nor can it give to one political subdivision the control of the courts administering that function, and the revenue arising from its administration, and impose upon another separate political subdivision a part of the cost of such administration. To do so would be special, partial, and unjust legislation, and would be suffering one taxing community to impose taxes upon another separate and independent taxing community. It would also be "taxation without representation." This is not a case of discrimination in the burdens of taxation as condemned in the case of Campbell County v. Newport, 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791, or of discrimination between counties as was the case of Commonwealth v. Sparks, 201 Ky. 5, 255 S. W. 859. The act operates upon all counties alike, and in proportion to their interest in the enforcement of the criminal laws. The county is simply a political subdivision of the state. With the exception of those powers and obligations conferred or imposed by the Constitution

itself, it derives all of its powers and assumes all of its burdens by virtue of legislative enactment. The state has the unquestioned right to administer its government through such agencies as the Legislature may choose, unless forbidden by the Constitution. City of Louisville v. Commonwealth, 134 Ky. 488, 121 S. W. 411. We are not aware of any provision of the Constitution that prohibits the Legislature from imposing upon a county a part of the burden of enforcing the criminal law within its jurisdiction, or of any other function of the government. Indeed, this power has been exercised without question since the foundation of the Commonwealth. An illustration may be found in the statute imposing upon the county the duty to pay the fees of the jailer in certain cases. The fact that the fines and costs are paid to a municipality within the county, or to the state, is wholly immaterial. In Fayette County v. Board of Education of City of Lexington, 63 S. W. 477, 23 Ky. Law Rep. 389, the question was whether the board of education or Fayette county should bear the expense of the registration and election held for the purpose of selecting the board of education in the city. In holding that section 1540, Kentucky Statutes, considered in connection with section 1452, Kentucky Statutes, imposed the burden on the county, we said:

> "It was within the power of the Legislature to provide for the payment of the expense and to place the burden of it where it deemed proper."

In the case of Furlong v. Darnaby, 206 Ky. 63, 257 S. W. 707, we held that the Legislature had authority to create the office of local registrar of vital statistics to be appointed by the state board of health, and to require the fiscal court of the county where the duties are performed locally to provide for his fees.

The act is not violative of section 181 of the Constitution providing that—

> "The General Assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may, by general laws, confer on the proper authorities thereof, respectively, the power to assess and collect such taxes. . . ."

We have repeatedly held that the imposition of a burden or obligation on a county or other municipality,

although it may necessitate the levying of taxes, is not an imposition of taxes by the General Assembly. City of Louisville v. Commonwealth, supra; Hendrickson v. Taylor County Farm Bureau, 196 Ky. 75, 244 S. W. 82; Lang v. Commonwealth, 190 Ky. 229, 226 S. W. 379; Prowse v. Board of Education of Christian County, 134 Ky. 365, 120 S. W. 307.

A contrary view would render the Legislature powerless to impose any of the functions of government on a county, or other municipality, without its consent.

In our opinion the statute in question does not conflict with any of the provisions of the Constitution.

It follows that the demurrer to the petition as amended should have been overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.