## Hawkins et al. v. Fiscal Court of Caldwell County et al.

(Decided March 14, 1930.)

C. A. PEPPER for appellants.

ALVIN LISANBY for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Section 2554a-16, Kentucky Statutes, reads: "Any peace officer making an arrest of any person for any violation of this act shall, upon final conviction of defendant,

receive a fee of five dollars to be taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the county and paid out of county funds." This is an act of March 22, 1922, and is a part of the act known as the "Rash-Gullion" Act (Acts of 1922, chapter 33).

Appellants, W. D. Hawkins, J. W. A. Blackburn, and G. O. Smith, brought this action in the Caldwell circuit court under the Declaratory Judgment Act (Civil Code of Practice, secs. 639a-1 to 639a-12) to procure a construction of the above-quoted statute. They alleged that they were policemen of the city of Princeton, a city of the fourth class, and had arrested numerous persons for violation of the prohibition laws; that a number of persons arrested by them had been tried and convicted and sentenced to pay a fine and costs, including a fee of $5 provided by section 2554a-16; that they had failed to pay their fines and costs in cash, but had paid their fines and costs by labor upon the streets or in the workhouse in the city of Princeton; that thereafter plaintiffs presented a statement showing the names of all persons arrested for violation of the Rash-Gullion Act who had failed after conviction to pay in cash the fee of $5, and the amount they claimed to be entitled to for making the arrest of such persons, to the fiscal court of Caldwell county, and that the fiscal court refused to pay any part of such costs to the plaintiffs.

The trial court adjudged that it was not the intention of the Legislature by section 2554a-16 to make the county liable to peace officers for the fees provided for in that section in the event such fees when taxed as costs were not paid in cash by the person convicted, and dismissed plaintiffs' petition. They have appealed. Section 2554a-16 was before us in the case of Duke v. Boyd County, 225 Ky. 112, 7 S. W. (2d) 839, 841, and we there held the act in question to be valid. In the course of the opinion it was said:

"The act operates upon all counties alike, and in proportion to their interest in the enforcement of the criminal laws. The county is simply a political subdivision of the state. With the exception of those powers and obligations conferred or imposed by the Constitution itself, it derives all of its powers and assumes all of its burdens by virtue of legislative enactment. The state has the unquestioned right to

administer its government through such agencies as the Legislature may choose, unless forbidden by the Constitution. City of Louisville v. Commonwealth, 134 Ky. 488, 121 S. W. 411. We are not aware of any provision of the Constitution that prohibits the Legislature from imposing upon a county a part of the burden of enforcing the criminal law within its jurisdiction, or of any other function of the government. Indeed, this power has been exercised without question since the foundation of the Commonwealth. An illustration may be found in the statute imposing upon the county the duty to pay the fees of the jailer in certain cases. The fact that the fines and costs are paid to a municipality within the county or to the state, is wholly immaterial."

Appellees insist, however, that when a defendant has been convicted and fails to pay the fine and costs in cash, but serves the time in jail or works out the fine and costs on the city streets or in the city workhouse, the fee provided for by section 2554a-16 and taxed as costs is paid within the meaning of that section and the arresting officer cannot collect it from the fiscal court. Such a construction is not authorized by the statute. The statute was enacted for the purpose of enforcing the prohibition act, and as one means of accomplishing that object it was plainly the intention of the Legislature that an officer who arrested a person for violation of the act, and who was later convicted, should receive a fee of $5 in cash, regardless of whether the fee was paid in cash by the person convicted. The fee provided for by section 2554a-16 is not paid within the meaning of that section unless paid in cash. Cf. Board of Trustees v. City of Paducah, 225 Ky. 224, 7 S. W. (2d) 858. We conclude, therefore, that under the facts alleged in plaintiffs' petition the fiscal court of Caldwell county is liable to them for the fees claimed.

Wherefore, the judgment is reversed, with directions to enter a judgment in conformity herewith.