## Madison County v. Chambers et al.

(Decided December 2, 1930.)

G. MURRAY SMITH and JAMES S. LACKEY for appellant.

JOE P. CHENAULT and CHENAULT & JACKSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellees, who are police officers of the city of Richmond, instituted suit against Madison county to recover certain fees allowed to them by law for making arrests of persons charged with violation of the provisions of chapter 33 of the Acts of the General Assembly of Kentucky for the year 1922, which act is known as the Rash-Gullion Act, and is section 2554a-1 et seq., Ky. Stats. It is made to appear that appellees arrested a number of persons charged with being drunk, and with other offenses against the liquor laws, and that the persons so arrested were convicted, and that the $5 fee allowed to arresting officers in such cases by the provisions of section 2554a-16, Ky. Stats., had not been paid. The case was submitted to the trial judge without the intervention of a jury, and judgment was awarded in favor of appellees in the sum of $1,002.50. The county has appealed, and seeks a reversal of the judgment upon three grounds.

The first ground is that Madison county, being a subdivision of the state of Kentucky, cannot be sued without constitutional or legislative authority. It has been decided differently in the case of Hudgins v. Carter County, 115 Ky. 133, 72 S. W. 730, 24 Ky. Law Rep. 1980, and the cases therein cited. That opinion also held that relief might be obtained in such cases either by appeal from the order of the fiscal court or by a suit against the county.

The second ground relied on by appellant is that the statute above cited authorizing the payment of the compensation sued for is in violation of the provisions of the Constitution of the United States and the Constitution of this state. These points were decided adversely to the contention of appellant in the cases of

Duke v. Boyd County, 225 Ky. 112, 7 S. W. (2d) 839; Hawkins et al. v. Fiscal Court, Caldwell County et al., 233 Ky. 432, 25 S. W. (2d) 1015.

Another ground relied on is that the petition and the amended petition, when considered in connection with the exhibits filed, do not show that the arrests for which the fee is claimed were made for a violation of the act authorizing the allowance of the fee in case of a conviction. We find no merit in the contention. It is alleged that the act specifically mentioned was violated by the persons named in the exhibit, and that they were arrested, tried, and convicted.

The act requiring the payment of such fees by the county was amended by chapter 128 of the Acts of 1930 to the extent of relieving the county from the payment of these fees, but the fees claimed by appellees arose before the new act became operative.

Judgment affirmed.