The GREAT–WEST LIFE ASSURANCE
COMPANY, Appellant,

v.

COURIER–JOURNAL JOB PRINTING
CO., et al., Appellees.

Court of Appeals of Kentucky.

March 23, 1956.

Wm. H. Abell, Ogden, Galphin & Abell, Louisville, for appellant.

S. L. Greenebaum, Greenebaum, Barnett & Carroll, Louisville, for appellees.

STANLEY, Commissioner.

The case tests the constitutional validity of a provision in the Kentucky Insurance Code, Chapter 304, Kentucky Revised Statutes, as amended in 1954, Ch. 200, with respect to the investment by an insurance company of part of its reserve funds in real estate in Kentucky. More particularly, the question relates to the holding of real estate so acquired for a longer period than five years under penalty of escheat.

Section 192 of the Constitution reads:

"No corporation shall engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its legitimate business, for a longer period than five years, under penalty of escheat."

The statute, KRS 304.437, insofar as relevant, provides:

"(1)  It is hereby declared to be the policy of the Commonwealth of Kentucky that the investment of funds in real and personal property as now or hereafter provided by KRS Chapter 304 be recognized as a normal, proper, necessary, and integral part of the legitimate business of insurance companies, including corporate insurers, organized in Kentucky or authorized to transact insurance in Kentucky.

"(2)  An insurer shall own or have its funds invested in ownership and repair, alteration, furnishing, or improvement of the following real property only: * * *

"(g)  Real property under lease, or for lease in accordance with an existing arrangement therefor, for industrial or commercial purposes, other than real property for agricultural, horticultural, ranch, mining, mineral, recreational, amusement, club, or hotel, purposes, the terms of which lease provide for a net rental sufficient to amortize the investment in such property and improvements thereon with interest at a minimum of three percent per annum over the primary term of the lease or a period of forty years whichever is less. The aggregate of investments of the insurer in all real property under this paragraph shall not exceed three percent of its assets, and no one such investment shall exceed one-half of one percent of such assets."

KRS 304.453 states:

"Foreign and alien insurers transacting insurance in this state shall have assets of the same general character as specified for domestic insurers, except that other investments authorized by the law of such an insurer's state of domicile or of entry into the United States, if an alien insurer, may be recognized as assets in the discretion of the commissioner. Assets of the kind described in paragraph (g) of subsection (1) of KRS 304.437 shall, if authorized by the law of the insurer's state of domicile or of entry into the United States, be deemed to have been acquired and held in the course of the legitimate business of the insurer, whether or not the commissioner determines that they shall be recognized as assets of the insurer."

We state the facts upon which the proceeding for a declaration of rights with respect to the validity of the statute rests.

The Great-West Life Assurance Company is a Canadian corporation qualified to engage in business in Kentucky. The assurance company is authorized by its charter to purchase and hold real estate for investment purposes.

A contract has been conditionally made with the Courier-Journal Job Printing Company (which for many years has had no connection with the Courier-Journal newspaper) whereby Great-West will buy the real estate, with improvements thereon, owned and used by Courier-Journal in its business in Louisville and lease the property to that company for an initial term of thirty years with two separate consecutive options to renew for five-year additional terms at an agreed rental sufficient to amortize Great-West's investment in the property and improvements, with interest, at a minimum rate of three per cent per annum over the primary thirty years term of the lease. The subject real estate will be used for industrial and commercial purposes and no part of it for agricultural, horticultural, mining, mineral, recreational, amusement, club or hotel purposes. The transaction complies precisely in form with the requirements of KRS 304.437(2)(g). The condition of the contract of purchase and lease back is that the statutes shall be held valid with the resulting security from the imposition of the escheat provision of Section 192 of the Constitution and KRS 271.145, which is the definitive and effective statute.

As is indicated in the Debates of the constitutional convention, the purpose of Section 192 is like that of the old English mortmain statutes, which were to prevent property from falling into "dead" or unserviceable hands or to limit monopolistic ownership and control of the land by concentrated wealth of corporations. Vol. 3, Debates, pp. 3646, 3651 et seq.; Ballentine's Law Dictionary.

In several cases the court has given a broad and liberal construction of the constitutional provision rather than to confine its application strictly to its terms. Thus, the power to escheat property held by a corporation for a longer period than five years has been denied where it was shown with reasonable certainty that the property was being held in good faith for future use in the legitimate conduct of the corporation's business. Commonwealth, for use of School Board of City of Louisville v. Mengle Box Co., 152 Ky. 287, 153 S.W. 771. And the term "proper and necessary for carrying on its legitimate business" has been construed to mean "proper and needful" rather than "essential" or "indispensable" to the corporation's business. German Insurance Company v. Commonwealth, 141 Ky. 606, 133 S.W. 793, 798. That is regarded as our leading case. It was written by Judge John D. Carroll, who was an eminent member of the Convention which framed the Constitution, and afterward the compiler of the statutes. In expressing the view regarding property which had been held for more than five years by a corporation for the purpose of devoting it to carrying on its business in the future, Judge Carroll, speaking for the Court, said: "It is not the purpose of the Constitution or the law to place in the way of the success of corporations unreasonable obstacles or to hinder them from acting as prudent business men would act under like or similar circumstances." And further: "The test as to whether the property is proper and necessary for carrying on the business of the corporation is not necessarily found in the actual use of it by the corporation. It may hold property necessary to carry on its business that is not in actual use in such business. If it is purchased to be used, is held for this purpose, and will be necessary when actually used, then it should be treated as being necessary to carry on the business."

The liberal interpretation of Section 192 of the Constitution and the statute was further exemplified in the later case of Cree v. Associates Co., 192 Ky. 669, 234 S.W. 288, holding that a corporation authorized by its charter to engage in the real estate business could do so without having its holdings subject to escheat.

With the background of that judicial interpretation of the Constitution, the Legislature has enacted the statute which authorizes insurance companies to invest part of their reserve funds in real estate in Kentucky for a longer period than five years.

It is commonly known and duly recorded in this case that the laws of the several states require companies engaged in the insurance business on the legal reserve plan to maintain and keep securely invested reserves adequate for the protection of their policyholders. It is stipulated (1) that the investment and re-investment of these reserves is a necessary and proper part of the insurance business and of equal importance with the issuance of the insurance policies themselves; (2) the legal reserves of life insurance companies in the United States amounted to practically 71 billion dollars in 1954; (3) within the past five years the sources of investment available to insurance companies have become substantially fewer and the amount of money available for investment has substantially increased; (4) because of the long term nature of life insurance obligations, the purchase and leasing of real estate provide an excellent means of investment, and since 1942 the legislatures of more than thirty-two states have adopted laws recognizing that investment in real estate is a necessary and proper part of the insurance companies' business and giving specific authorization to life insurance companies to acquire real estate in some form for the protection of income.

We may say here that the Attorney General of the Commonwealth is a party to this suit and admits all of these factual statements. He merely joins in the prayer for a declaratory judgment.

We may suppose that the General Assembly enacted the statute being tested with a general knowledge of these rather well known facts and also knew the need for greater industrial capital in the state. At the same time, the legislative eye was upon the abuses which Section 192 of the Constitution is designed to prevent, hence, the restrictions and limitations of the statute, which seem fully to protect the people from such evils. At any rate, in the enactment the Legislature has declared that, subject to its terms, the holding of real estate by an insurance company may be, in the language of Section 192 of the Constitution, "proper and necessary for carrying on its legitimate business". This seems to us to be a reasonable conclusion.

It is to be remembered that the courts strive to save rather than to destroy legislation. This is especially so when the challenge of validity rests upon the construction of a constitutional provision which is itself legislative in character. To that end the construction or consideration given the constitutional provision by the General Assembly is not to be lightly set aside. Its enactment is presumed valid and any doubt is resolved in favor of its constitutionality. Duke v. Boyd County, 225 Ky. 112, 7 S.W.2d 839; State Journal Co. v. Commonwealth, 289 Ky. 808, 160 S.W.2d 145; Shamburger v. Duncan, Ky., 253 S.W.2d 388. In the light of the purpose of Section 192 of the Constitution and the practical construction which the court has given it over the years, we hold the statute involved to be constitutionally valid and the acquisition and holding of the property under the contract submitted to the court to be in accordance with the terms of the statute. As long as it may be so held, it is not subject to escheat. The trial court so declared.

Certain statements in German Insurance Company v. Commonwealth, 141 Ky. 606, 133 S.W. 793, and in Home Savings Fund Co. Building Association v. Driver, 129 Ky. 754, 112 S.W. 864, which are inconsistent with the conclusions reached in the present case, seem to be obiter dicta and are not to be regarded as decisive.

The judgment is affirmed.

CAMMACK, J., dissents.