# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1905.

CASE 44—ACTION BY U. L. TAYLOR AGAINST ADAIR COUNTY FOR SER-
VICES AS A MEMBER OF THE BOARD OF HEALTH OF SAID COUNTY.—
JANUARY 4.

## Taylor v. Adair County.

APPEAL FROM ADAIR CIRCUIT COURT—H. C. BAKER, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

HEALTH—COUNTY BOARDS—DELEGATION OF POWERS—HEALTH OFFI-
CERS—COMPENSATION—ACTIONS—PLEADING.

1. In an action against a county for services rendered by a
   member of the board of health as health officer, an answer
   denying, upon knowledge or information, that plaintiff had
   been appointed health officer, or had been appointed a member
   of the board of health, is good.
2. Fees allowed to certain officers as compensation in lieu of sala-
   ries are subject to the provision of Constitution, section 161,
   forbidding the compensation of county or municipal officers to
   be changed during their terms of office.
3. Under Kentucky Statutes, 1903, section 2060, providing that
   physicians appointed as health officers for cities and counties
   shall receive a reasonable compensation, to be allowed by the
   city council or fiscal court, the fiscal court can not fix in ad-
   vance a salary for a county health officer, so as to preclude him
   from recovering adequate compensation for services rendered
   in pursuance of law, and under direction of the board of health,
   in stamping out and preventing the spread of contagious dis-
   eases.
4. Under Kentucky Statutes, 1903, sections 2055, 2057, providing

for the appointment, and enumerating the duties, of county boards of health, such a board must act as a board on each case or epidemic arising within its county, and can not delegate its duties to a single health officer, and by so doing create in such officer any right that did not previously exist.

W. W. JONES AND J. F. MONTGOMERY, ATTORNEYS FOR APPELLANT.

Our contention is that the fiscal court can not fix the salary or compensation of a health officer of the county in advance of the service rendered, but under Kentucky Statutes, section 2060, he is entitled to have a reasonable compensation for his services to be allowed after the service has been rendered.

### AUTHORITIES CITED.

Constitution, secs. 161 and 235; Kentucky Stat., secs. 934, 1072 and 2060; Stevens v. Allen, 19 R., 1707; Henry County v. Dixon, 23 R., 1204; Hudgins v. Carter County, 24 R., 1930; City v. Rennech, 105 Ky., 779; City v. Thompson, 24 R., 384 and 1998.

JAMES GARNETT, JR., ATTORNEY FOR APPELLEE.

1. The health officer can not hold the county liable for any services, except such as he may render under the express direction of the "Board of Health."

2. Where the compensation of a health officer was on October 1, 1900, fixed by the fiscal court at $40 per annum, as a reasonable compensation, for the services to be rendered annually in the future, of which such officer had notice at the time he accepted the office and rendered the service charged for in 1892 he is bound by the order. Ky. Stat., secs. 2055-6, 2060; Ky. Stat., chap. 63; Thomas v. Edmonson County, 8 R., 265; Boyd v. Bethel, 10 R., 471; Ky. Mut. Sec. Fund v. Logan, Admr., 90 Ky., 368; Williams v. Gordon, 11 Bush, 696; Civ. Code, subsec. 7 of sec. 113; Wing, &c. v. Dugin, 13 Bush, 586; Stevens v. Allen, 19 R., 1707; Constitution, sec. 161; City of Louisville v. Wilson, 99 Ky., 603, 604.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant alleges in his petition against appellee that he, as a member of the county board of health of Adair county,

was appointed health officer by that board, and 'that while
so acting he rendered services to the county in one year in
inspecting localities and persons thought to be affected with
contagious diseases, and treated quite a number affected with
smallpox, and some who had scarlet fever. He presented a
bill amounting to $245 for the services, which the fiscal court
refused to allow or pay. The answer denied, upon knowledge
or information, that appellant had been appointed health of-
ficer, or had been appointed a member of the board of health.
This was a sufficient denial, because these boards are not re-
quired by statute to keep records of their proceedings. Bards-
town v. Nelson County, 78 S. W., 851, 25 Ky. Law Rep., 1900.
Therefore these acts, though official, are not presumed to
be known of every one. It also denied that he rendered the
services charged for, or that they were worth the sums
charged. In addition, the defense was that prior to the time
when appellant claims to have been appointed health officer,
and to have rendered the services sued for, the fiscal court
of Adair county had, by an order of court, fixed the salary of
the health officer at $40 per annum, and that appellant ac-
cepted the appointment and rendered the services with knowl-
edge of that fact, and had for a time acquiesced in it by ac-
cepting payments based on that allowance. A demurrer hav-
ing been overruled to the last-named plea, appellant declined
to plead further, and his petition was dismissed. Hence this
appeal.

The county's position is that, as the salary or compensa-
tion of appellant was fixed before his term of office began,
it could not be either increased or diminished during his
term. Constitution, section 161. The statute (section 2060,
Kentucky Statutes, 1903) reads: "Physicians appointed as
health officers for cities, towns and counties shall receive
reasonable compensation for their services, to be allowed by

the councils, trustees, or county [fiscal] courts of the cities, towns or counties, and to be paid as other city, town or county officers are paid, and such officers may be removed at any time by the local boards appointing them. . . ." County judges and treasurers are to be paid annual salaries, to be fixed at reasonable amounts by the fiscal courts. Sections 934, 1072, Kentucky Statutes, 1903. The fees allowed to certain officers as compensation in lieu of salaries are subject to the same constitutional limitation. Bright v. Stone, Auditor, 43 S. W., 207, 20 Ky. Law Rep., 817. But here it is not known what services may be rendered. They are of a nature that may vary considerably in value and extent in different years. Some years no services may be rendered. Again, an epidemic of smallpox or yellow fever might take all the health officer's time for a great part of a year. For that reason, it seems that the Legislature has not seen proper to require a salary to be fixed and paid to such officer, but that for such services as he may render he shall be paid reasonable compensation. That can not be determined in advance, if for no other reason, because their nature and extent are impossible to be known before the emergency happens, calling for them. If it is intended to fix in advance the pay for such services, a reasonable schedule of rates might be adopted. A salary of $40 which should cover all possible services that may be required of the health officer in a year, while in some instances it might be enough, or even too much, yet in others it would be manifestly and grossly inadequate. The result must be, if it be allowed, to deter qualified physicians from accepting such appointments. In this way fiscal courts might overthrow the legislative provision in its practical application, by which it was intended that the treatment of these deadly contagions might be controlled or stamped out by the employment of skilled and com-

petent physicians. The action of the fiscal court in attempt-
ing to so fix a salary in advance was not binding, under the
circumstances shown, upon the health officer. For it was
his duty to do what the law required of him, under direction
of the board of health, in stamping out and preventing the
spread of contagious diseases; and he has the right to claim
adequate pay for his services, which the fiscal court must
allow, if the services were in fact rendered as required by the
law.

We are of the opinion, however, that, while the demurrer
should have been sustained to that defense, yet it should
have been carried back to the petition in this case. The pe-
tition alleges that the county board of health, when appoint-
ing appellant health officer, gave him general authority and
direction to look after epidemics of contagious and infectious
diseases appearing in the county, and to make all necessary
inspections and visitations called for by the situations that
might arise. We are of opinion that the county board of
health had not the power to delegate its duties in such mat-
ters, and that it could not, by an attempt to do so, create any
right in the health officer that did not already exist. The
powers given to these boards are extraordinary    seemingly
justified by the most serious exigency affecting the public
health. More than one person is required by statute to be
appointed upon the board. The Legislature was evidently
unwilling to leave to one person the determination of such
important and drastic measures as are given to the county
boards. In the judgment and fidelity of a greater number
acting together is the greatest security against abuse of
extraordinary power. It is to the county board of health,
not to the health officer, their creature and executive, that
is committed the duty of examining into those nuisances and
conditions of filth and infection that tend to spread the con-

Taylor v. Adair County.

tagious diseases, to establish quarantines, and to bring the
population of an infected or suspected community into pre-
scribed treatment and disinfection. This power is given by
the statute to the board, and it must act as a board on each
case or epidemic as it arises; determining the necessities of
each situation from the facts then existing. Sections 2055,
2057, Kentucky Statutes, 1903. The petition shows on its
face that this was not done in Adair county, but that appel-
lant, acting alone, under the deputation of the county board,
undertook to determine all such matters, and for his services
in so doing the bill sued on is in large part made up. For
other services—waiting upon smallpox patients—he charges
the county. There is nothing to show that the patients were
not fully able and willing to pay for the services rendered
them, nothing whatever to show that they were indigent per-
sons, nothing to show that any of them were treated in the
county pesthouse or other place where they were confined by
order of the board of health, and nothing to show that they
were treated by direction of the county board of health.
Hudgins v. Carter Co., 115 Ky., 133, 72 S. W., 730, 24 Ky.
Law Rep., 1980. For some of these charges there may be a
right to recover. The circuit court should allow the petition
to be amended, if it can be, so as to state a cause of action.

Judgment reversed and cause remanded for further pro-
ceedings consistent herewith.