### James, Auditor v. Duffy.

(Decided November 15, 1910.)

Appeal from Franklin Circuit Court.

1. Office and Officer—Compensation of County Attorneys—Change During Term.—Under section 161 of the Constitution providing that "the compensation of any city, town or municipal officer shall not be changed after his election or appointment or during his term of office," the compensation of a county attorney may

be fixed after his election if not fixed before, but when once fixed cannot be changed so as to affect the then incumbent.

2. Same—Increase or Decrease of Official Duties.—If the compensation is a salary, it must remain the same throughout his official term whether the scope of his official duties have been increased or decreased. If it be fees, then the same scale of fees must prevail for the same service—whether his official duties have been increased or decreased and if new duties are imposed with fees attached, the incumbent when the change is made cannot charge for the new duties.

3. Same—Constitutional Provision—Compensation Defined.—The Constitution does not prohibit the Legislature from changing the duties of public officers—either adding to them or taking from them—but it does forbid changing their compensation. By compensation, is meant pay for doing all that may be required of the official.

JAMES BREATHITT, Attorney General, for appellant.

CHAS. CARROLL, HAZELRIGG & HAZELRIGG, McQUOWN & BECKHAM and J. C. DUFFY for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

In the revenue act of 1906, an inheritance tax was imposed for the first time in this State. The statute dealt with the whole subject of revenue and taxation. Among other features, it revised the law respecting omitted and delinquent lists. It curtailed the authority previously invested in auditor's agents, and imposed upon the county attorneys the duty of approving settlements and compromises made between auditor's agents and delinquent taxpayers before they should become effective. It also made it the duty of the county attorneys to appear in the county court, and in all other courts to which the matter might be carried, on behalf of the counties and the Commonwealth in proceedings to assess omitted property. Appellee was elected county attorney of Christian county in 1905. In 1908 the estate of Forbes in Christian county became liable to an inheritance tax, but having omitted to report it, the auditor's agent began a proceeding in the county court to require its assessment. Appellee as county attorney appeared for the relator. The result of the proceeding was that $4,250 of inheritance tax was realized and paid into the treasury. The act of 1906 allows the county attorneys 15 per centum of the omitted taxes so assessed and collected, where they actually appear in the case. (Sec. 4260b, Ky.

Stats.) Appellant, Auditor of State, refused to issue his warrant to appellee for the 15 per centum claimed on this assessment, whereupon this action for mandamus against the auditor was filed.

Section 161 of the Constitution provides, that "the compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment or during his term of office. * * *"

The compensation of such officers may be fixed after their election, if not fixed before, but when once fixed cannot be changed so as to affect the then incumbent. (City v. Wilson, 99 Ky. 598; 18 Rep. 427; 36 S. W. 944; Piercy v. Smith, 117 Ky. 990; 25 Rep. 2158, 80 S. W. 201; Spaulding v. Thornberry, 31 Rep. 738, 103 S. W. 291.) Prior to 1906 county attorneys were not allowed by law as part of their compensation any part of the recovery of taxes assessed against owners who had omitted to list their property. Nevertheless, it was then the duty of county attorneys to appear for the Commonwealth and counties in proceedings to list such property, in whatever court of this Commonwealth such proceedings might be pending. (Sec. 126 and 127, Ky. Stats.; Coulter v. Denny, 23 Ky. Law Rep. 1619; 67 S. W. 65; Spaulding v. Thornberry, supra; Terrell v. Trimble County, 33 Ky. Law Rep. 364.)

The county attorney in 1905 was paid by a salary allowed by the fiscal court. (Sec. 132, Ky. Stats.)

The act of 1906 (Sec. 4260b, Ky. Stats.) allows him in addition 15 per cent. of omitted taxes assessed in suits to which he attends.

The question is, is that a change of his compensation during his term of office?

That it increases his compensation is beyond dispute. But it is argued it does not change it, because it is for new duties imposed, and therefore is a fixing of compensation for those duties alone. The fact still remains that the official receives more money as compensation for his official duties, than he did before. In fact we do not regard the statute of 1906 as changing or adding to the duties required of the county attorneys. But let that be as it may, it is not material. The Constitution does not prohibit the legislature from changing the duties of public officers—either adding to them or taking from them, but it does forbid changing their compensation. By compensation is meant pay for doing all that may be required of the official. (Bright v. Stone, Auditor, 20

Rep. 817; 43 S. W. 207.) If the compensation is a salary, the salary must remain the same throughout that official's term, whether or not the scope of his official duties have been increased or lessened. If the compensation be fees, then the same scale of fees must prevail for the same services, and if new duties are imposed, with fees attached, the incumbent when the change is made cannot charge for the new duties. The section of the Constitution is inexorable. It admits of no exceptions. It affords no opportunity for evasion by the Legislature or other body. Its purpose cannot be defeated by indirection. It is a complete barrier to change of compensation, whether salary, scale of fees, or both. It operates upon the office and the official—not upon his duties. True an official who is paid fees for his services may have the services discontinued by the legislature, or by a repeal of the law requiring them, or by conferring them upon some other person or body, and in this way the officer first named may receive less than he did before. But that is not a change of compensation, because unless he performed the particular duty he would never have received the fee allowed by law for doing it, and it is not different whether the legislature repeals the law requiring him to perform the duty, or whether the necessity for his acting never arises. (Prunell v. Mann, 105 Ky. 87.)

A public official has not a contract with the State or county that he may perform all the duties imposed on the office at the time of his election or appointment. He is privileged to perform only such as may be imposed on it from time to time during his incumbency. If the duties of the office are diminished, for what remains he is entitled to the same salary, if it be a salaried office, or to the same scale of fees for what he may do if the compensation is based on that plan. But if new duties are added he must perform them for the same salary. He must, whilst holding a public office, discharge all of its duties even though no compensation be fixed. (Mitchell v. Henry County, 124 Ky. 833; 30 Ky. Law Rep. 1051.) If in the instance we are considering, the Legislature had in 1906 for the first time imposed the duty on county attorneys to prosecute actions against delinquent taxpayers for omitting to list their property, and had not provided any compensation for it, there can be no doubt those in office would have been obliged to discharge the new duty. What the Legislature has done in the act of

1906 is to set forth more minutely some of the duties of county attorneys in taxing proceedings, and to place under them a set of officials theretofore independent of them. And the Legislature has determined that for acting in those cases county attorneys ought to be paid 15 per cent. of the taxes recovered. The purpose was doubtless to stimulate these officers to a greater vigilance and to create an interested check upon auditor's agents, who had previously much power and license to abuse the interests of the state and county treasuries in those matters. The provision, nevertheless, creates a different compensation to county attorneys, and for those then in office operated as a change in their compensation. The act cannot apply to them without violating the letter and spirit of the Constitution. Of course, as to those who have come into office since 1906, no such objection can apply.

The judgment of the circuit court sustaining a demurrer to the answer of appellant, is reversed and cause remanded, with directions to sustain the demurrer to appellee's petition.