## Green v. Bell County.

(Decided December 14, 1927.)

### Appeal from Bell Circuit Court.

Officers.—Where sheriff was elected in 1921 and in 1922 Legislature passed Prohibition Act 1922, section 16 (Ky. Stats., Supp. 1926, sec. 2554a-16) of which provided that any peace officer making an arrest for violation of the act should upon final conviction of defendant receive fee of $5, and sheriff sought to recover fees, held that, under Constitution, sec. 161, providing that compensation of any city, county, town, or municipal officer could not be changed after election or during term in office, sheriff was not entitled to recover; act being invalid as to him.

E. N. INGRAM for appellant.

MARTIN T. KELLY and D. M. BINGHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Section 16 of the Prohibition Act of 1922 provides:

"Any peace officer making an arrest of any person for any violation of this act shall, upon final conviction of defendant, receive a fee of five dollars to be taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the county and paid out of county funds." Section 16, c. 33, Acts 1922; section 2554a-16, Kentucky Statutes, Baldwin's 1926 Supplement.

In 1927, Martin Green, who was elected sheriff of Bell county in November, 1921, and served from the first Monday in January, 1922, until the first Monday in January, 1926, filed in the fiscal court of that county his petition and statement of account asking that he be allowed the sum of $900 for arrests made pursuant to the above statute. The fiscal court refused to allow the claim, and on appeal to the circuit court a demurrer was sustained to the petition and the petition was dismissed. Green appeals.

Section 161 of the Constitution provides:

"The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor

shall the term of any such officer be extended beyond the period for which he may have been elected or appointed.''

The language of this section is clear, certain, and explicit. It admits of no exceptions. It is binding on the Legislature, the courts, and every city, county, town, or municipal officer. It forbids any change of compensation, whether as salary, fees, or both. Hence, if the compensation is a salary, the salary must remain the same throughout the officer's term, whether or not his official duties have been increased or decreased. If the compensation be fees, the same scale of fees must prevail for the same service, and, if new duties are imposed with fees attached, the incumbent, when the change is made, cannot charge for the new duties. Taylor v. Adair County, 119 Ky. 374, 84 S. W. 299, 27 Ky. Law Rep. 36; James, Auditor, v. Duffy, 140 Ky. 604, 131 S. W. 489, 140 Am. St. Rep. 404; Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077; Neutzel v. Fiscal Court of Jefferson County, 183 Ky. 1, 208 S. W. 11; Ross v. Board of Education of Jefferson County, 196 Ky. 366, 244 S. W. 793; Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25. Both at the time of Green's election and his qualification as sheriff the fee for arresting a person charged with a misdemeanor was 50 cents. By the act in question he receives an additional fee of $5. The increase was made after Green's election, and during his term of office. That being true, he is not entitled to the increase, and the act is invalid as applied to him. It follows that his claim was properly rejected by the fiscal court.

This conclusion makes it unnecessary to pass on the other question raised.

Judgment affirmed.