## Bright, Commissioner of Agriculture, v. Russell, Sheriff.

(Decided December 16, 1930.)

568

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellant.

G. SAMUEL MILAM and COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Under the provisions of chapter 112, Acts 1918, commonly known as the "Dog Law," as amended by chapter 157, Acts 1920, now sections 68b-1 to 68b-37, Kentucky Statutes, all dog licenses were issued by the county clerk, and he received therefor a fee of 15 cents for each license. At its 1930 session, the General Assembly amended the former act by providing that in addition to other duties the sheriff should issue all licenses, and he or his deputy should receive for his services a fee of 15 cents for each license issued. Chapter 1, Acts 1930.

This action was brought by George Russell, sheriff of Logan county, against Newton R. Bright, commissioner of agriculture, and others, for the purpose of having determined whether or not the sheriffs now in office are entitled to the fees authorized by the act of 1930. From a judgment in favor of the sheriff this appeal is prosecuted.

Sections 161 and 235 of the Constitution are as follows:

"Sec. 161. The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

"Sec. 235. The salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the general assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the general assembly also."

As the act was passed after the election of the sheriff and during his term of office, the only question is whether there was a change of compensation within the meaning of the Constitution? It is unnecessary to review all the decisions on the question. As pointed out in numerous decisions, the language of the Constitution is clear, certain, and explicit, and admits of no exceptions. It is binding on the Legislature, the courts, and every state, city, county, town, or municipal officer. During the specified time it forbids any change of compensation whether as salaries, fees, or both. Hence, if the compensation be a salary, the salary must remain the same throughout the officer's term, whether or not his official duties have been increased or decreased. If the compensation be fees, the same scale of fees must prevail for the same service, and if new duties are imposed with fees attached, the incumbent when the change is made cannot charge for the new duties. Green v. Bell County, 222 Ky. 328, 300 S. W. 857; Taylor v. Adair County, 119 Ky. 374, 84 S. W. 299, 27 Ky. Law Rep. 36; James, Auditor v. Duffy, 140 Ky. 604, 131 S. W. 489, 140 Am. St. Rep. 404; Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077; Neutzel v. Fiscal Court of Jefferson County, 183 Ky. 1, 208 S. W. 11; Ross v. Board of Education of Jefferson County, 196 Ky. 366, 244 S. W. 793; Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25. But it is insisted that this case falls within the rule announced in Slayton v. Rogers, 128 Ky. 106, 167 S. W. 696, 32 Ky. Law Rep. 897; Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103; James v. Cammack, 139 Ky. 223, 129 S. W. 582; and Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133. The argument is that, though denominated a tax by the act, the charge for the license is not a tax but a license fee; that the duty of collecting license fees had always devolved upon the county clerk and pertained to his office; and that the duty of collecting this fee was an extra duty outside of the function of the office to which the sheriff was elected. Let us see exactly what we have decided in the cases relied on. In Slayton v. Rogers,

supra, the fiscal court had appointed Rogers, who was county attorney, commissioner to settle with the sheriff for certain years, and to compromise the bonded indebtedness of the county. The county attorney made the settlement with the sheriff, and the services in effecting the compromise of the bonded indebtedness were performed in the federal court and in courts outside of Kentucky. Inasmuch as there was no statute imposing upon the county attorney the duty to make settlement with the sheriff, or to represent the county or commonwealth in the federal court or courts outside of the commonwealth, we held that the services performed were wholly outside of, and independent of his official duties, and the compensation allowed for such services was not an increase of compensation during his term of office. In Thomas v. O'Brien, supra, the facts were these: Prior to 1902 the pay of magistrates, who were members of the fiscal court, was $3 a day for each day they were in attendance upon the court. In 1902 the magistrates were allowed pay for each day they were engaged in actual attendance at committee meetings and looking after the public roads. It was held that the amendment did not increase the pay of members of the fiscal court who were elected prior to 1902, since the magistrates in acting upon the committees did not act as magistrates, but as any other individuals that might have been appointed. In James v. Cammack, supra, it was held that a statute authorizing the regular judges to preside as special judges, and providing compensation for such services, was not invalid as to the regular judges in office. The basis of this conclusion was that the judges were elected from regular districts, and that the duties which they performed as special judges were outside of those districts, and wholly independent of their duties as circuit judges. To the same effect is the case of Coleman v. Hurst, supra, in which it was held that payment of compensation to circuit judges for services in going outside of their districts and attending the meetings of the judicial council was not an increase of compensation for their services as circuit judges. It is at once apparent that these cases are not controlling in the case at bar. It is wholly immaterial whether the charge for the license be a tax or license fee, or that the duty of collection had theretofore devolved upon the county clerk. The fee is a part of the revenue of the county, and the sheriff has

always been a collector of revenue. The duty of collection was imposed upon the county clerk, not by the Constitution, but by statute, which the Legislature had the power to change, and did change, by transferring the duty to the office of sheriff. The additional duty is not imposed on the sheriff as an individual, nor is it to be performed outside of the sheriff's bailiwick. On the contrary, it is imposed on the sheriff as sheriff, and is to be performed by the sheriff in the county of which he is sheriff. In the circumstances there is no basis for the contention that the additional duty is outside of and independent of the office of sheriff. The case is simply one where new duties are imposed with a fee attached, and under the numerous cases cited above, and others that might be mentioned, the additional fee is a change of compensation within the meaning of the Constitution as to all sheriffs in office at the time the change was made. It follows that appellee and other sheriffs are not entitled to the fee.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.