## Webster County v. Overby, Sheriff.

(Decided October 13, 1931.)

462

CASS L. WALKER for appellant.

C. W. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal brings under review the judgment of the circuit court in which the appellee, as sheriff of Webster county, was adjudged entitled to collect of the county when taxed as costs against a convicted defendant, and not paid by him, an arresting fee of $5 by virtue of section 2554a-16, Ky. Statutes, notwithstanding it was amended by an act of the General Assembly, Session 1930 (chapter 128), and which took effect June 15, 1930. The appellee was elected sheriff of Webster county on the first Tuesday in November, 1929, and qualified on the first Monday in January, 1930, for a term of four years, beginning that day and ending on December 31, 1933.

Prior to the act of 1930, section 2554a-16 was in this language:

"Any peace officer making an arrest of any person for any violation of this act shall, upon final conviction of defendant, receive a fee of five dollars to be taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the county and paid out of the county funds."

The clause, "taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the

county and paid out of county funds," by the act of 1930, was eliminated from it. The only issue here presented and necessary to be determined is the effect of the elimination of this clause on the right of appellee, during his term of office, to collect of the county the arresting fee of $5 for the arrest of each defendant charged with, and convicted of, a violation of section 2554a-1 et seq., when it is taxed as costs and not paid by the convicted defendant, he having been elected and qualified prior to such change in section 2554a-16.

Section 161 of the Constitution of Kentucky deprives the General Assembly of the power to change the compensation of any state, county, town, or municipal officer after his election or appointment, or during his term of office.

We construed the original section 2554a-16, supra, in Duke v. Boyd County, 225 Ky. 112, 7 S. W. (2d) 839; Hawkins v. Fiscal Court of Caldwell County, 233 Ky. 432, 25 S. W. (2d) 1015; Madison County v. Chambers, 236 Ky. 294, 33 S. W. (2d) 18; Bell County v. Minton et al., 239 Ky. 840, 40 S. W. (2d) 379. In the first four cases we held that the arresting officers were entitled to an arresting fee of $5 claimed thereunder as against the county. In Bell County v. Minton, supra, it was our construction of section 2554a-16 that the defendant is primarily liable to the arresting officer for the payment of the fee and the county is only contingently liable, i. e., (a) if it be taxed as costs and (b) not paid by the convicted defendant. It will be observed that the original section 2554a-16, as we have construed it in the cases supra, entitled appellee at the time he was inducted into office to this statutory fee as against the county, when, and "if, it was taxed as costs and not paid as costs by the convicted defendant."

It is the duty of the sheriff by reason of section 36, Criminal Code of Practice, to make an arrest in obedience to a warrant of arrest delivered to him, or without a warrant when a public offense has been committed in his presence or when he has reasonable grounds for believing that the person arrested has committed a felony. Sections 2554a-14 and 2554a-23, Ky. Statutes, have added to his office extraordinary and imperative duties relating to all violations of section 2554a-1 et seq. (Rash-Gullion Act). Section 2554a-14 provides that, "Any officer receiving a warrant as herein set out shall immediately

proceed to execute same on the day received." Section 2554a-23 has in it this language:

> "It shall be the duty of . . . all officers . . . to enforce the provisions of this act [section 2554a-1 et seq.]. Any sheriff . . . failing to enforce any provision of this act after receiving information of a violation thereof, or having knowledge of a violation of this act, and failing to act thereon, shall be subject to indictment for nonfeasance or malfeasance in office. . . ."

The act of 1930 does not attempt to relieve the sheriff of his duties which are required of him in the enforcement of section 2554a-1 et seq., under the Code provision supra, nor under section 2554a-14 and section 2554a-23. Yet, it plainly deprives him of the arresting fee allowed by section 2554a-16 as against the county, if it is constitutionally valid. The appellee on his election and qualification as sheriff for a term of four years had a vested right in the compensation or fees authorized and fixed by the Statutes at the date of his qualification. Commonwealth v. Ewald Iron Co., 153 Ky. 116, 154 S. W. 931. The same schedule of fees must prevail for the same services during his entire term of four years. Taylor v. Adair County, 119 Ky. 374, 84 S. W. 299, 27 Ky. Law Rep. 36; James, Auditor, v. Duffy, 140 Ky. 604, 131 S. W. 489, 140 Am. St. Rep. 404; Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077; Neutzel v. Jefferson County Fiscal Court, 183 Ky. 1, 208 S. W. 11; Ross v. Board of Education of Jefferson County, 196 Ky. 366, 244 S. W. 793; Owen County Board of Education v. Kemper, 197 Ky. 407, 247 S. W. 25; Green v. Bell County, 222 Ky. 328, 300 S. W. 857; Olive v. Coleman, Auditor, 228 Ky. 127, 14 S. W. (2d) 404; Roberts, County Clerk, v. Walker, Judge, 227 Ky. 591, 13 S. W. (2d) 761; Robinson, County Judge, v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. (2d) 554; City of Princeton v. Baker, 237 Ky. 325, 35 S. W. (2d) 524; Adams v. Slavin, 225 Ky. 135, 7 S. W. (2d) 836.

The General Assembly by enactment may relieve an officer in office of a statutory duty or duties, and his compensation or fees therefor will cease without at all involving a change in compensation within the meaning of section 161, supra. Purnell v. Mann, 105 Ky. 87, 48 S. W. 407, 49 S. W. 346, 50 S. W. 264, 20 Ky. Law Rep. 1146,

1396, 21 Ky. Law Rep. 1129; James, Auditor, v. Duffy, supra; Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133. The duties of the sheriff which are required to be performed by him within his bailiwick, as an example, the requirement to issue dog licenses, may be added to, or increased, during his term of office; but in such event, section 161, supra, forbids the payment of additional compensation or fee therefor. Bright v. Russell, 236 Ky. 567, 33 S. W. (2d) 643.

In James, Auditor, v. Barry, 138 Ky. 656, 128 S. W. 1070, 1073, the county assessor of Jefferson county was elected in November, 1909, and qualified in January, 1910. The compensation for his office when he was elected and qualified was then fixed by statute at a percentage of the value of the assessment made by him, to be paid after the assessment was made. By an act of the Legislature, approved March 7, 1910, (chapter 6), it was provided that in counties containing a city of the first class, on the 1st day of March, 1910, and the first of each calendar month thereafter, the auditor of public accounts should draw his warrant on the treasurer for $1,500, which should be paid to the county assessor in advance to defray the necessary expenses and partial payment of the salaries of himself and deputies, and that this sum should be deducted from the total paid the assessor when his yearly settlements were made. It was our conclusion that the act of 1910 violated both sections 161 and 235 of the Constitution as the act was a material change in the assessor's compensation. "Under the law as it was when he was elected he could not receive any compensation during the year until after he had done the work . . . but perhaps when he might never do it [as would be the case], if, for example, he should die, or resign, or be removed from office in August of any year." Neutzel v. Fiscal Court, supra.

The Constitution forbids a change of compensation or fees either favorable or unfavorable to a public official. James, Auditor, v. Barry, supra; Schroer v. Central Kentucky Asylum for Insane, 113 Ky. 288, 68 S. W. 150, 24 Ky. Law Rep. 150.

It applies alike to compensation whether by salary or fees and prohibits a change in either during the term of the officer. Commonwealth v. Carter, 55 S. W. 701, 21 Ky. Law Rep. 1509.

In so far as it affects appellee, the 1930 act entirely relieves the county of its liability to him for the $5 arrest-

ing fee. It is true that the liability of the county to him for the payment of the $5 arresting fee is contingent upon its being taxed as costs and not paid as costs by the convicted defendant. It is likewise true that the authority and privilege to assert, during his term of office, his right to enforce such contingent liability as against the county are material and valuable to him. The act of 1930 constituted a change of his compensation or fees within the meaning of section 161 of the Constitution. The act of 1930, in so far as it accomplished this purpose, is therefore invalid as to the appellee during his term of office.

Wherefore the judgment is affirmed.