## Greenup County v. Spears.
### (Decided March 8, 1935.)

NICHOLAS W. KLEIN for appellant.

COLDIRON & BENNETT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the regular election in 1927, the appellee and plaintiff below, Kelly Spears, was elected to the office of circuit court clerk for Greenup county, and he assumed the duties thereof at the beginning of 1928, which was for a term of six years, expiring at the beginning

of 1934. At the time of his election and installation in office, sections 2421 to and including 2432 of the 1930 Edition of Carroll's Kentucky Statutes were in effect, and they provided that the clerks of circuit courts in the commonwealth were entitled to receive designated law publications made by the commonwealth (including reports of opinions from the Court of Appeals, acts of the Legislature and journals of the two Houses, and other official reports and data not necessary to mention) for the use and benefit of the circuit judge and others having occasion to consult them. Other county offices specified in the statute were entitled to such publications also, but we are concerned here with only the circuit court clerk, who was required to keep and preserve what he was entitled to receive under those statutes in his office. To render more thorough and effective the purpose intended to be accomplished by the furnishing of such publications to the various county offices, and to consolidate them at one center and thereby cheapen the cost to the commonwealth, the Legislature at its 1930 session enacted chapter 63, page 199 of the Session Acts of that year, and which is now sections 2438c-8 to and including 2438c-16 of Baldwin's 1933 Supplement to Carroll's Kentucky Statutes. It created a county library to be kept in the county seat of each county and provided that "the circuit court clerk shall by virtue of his office be the librarian of said library," and he "shall receive a salary of twenty dollars ($20) per month to be paid by the county for his services as such." Section 2438c-8. The members of the fiscal court were made trustees of the library and were charged with the duty of providing a place therefor, either within or adjacent to the courthouse, thereby localizing the county library provided for at the county seat where it would be readily accessible to the circuit court clerk as librarian, as well as to other county officers and to members of the public having occasion to consult it.

The other sections prescribe the duties of the librarian, how he shall keep it supplied, the reports that he shall make and to whom, and other matters of small moment, all looking to the accomplishment of the purpose that the Legislature had in view, but none of which were but slightly, if any, more onerous or burdensome than was already cast upon the circuit clerk

in officiating in a similar capacity under the prior statutes mentioned above. The fiscal court of Greenup county took no steps to establish the county library created by the 1930 act, and none was established under it for that county, although plaintiff alleged in his petition that he was willing and ready to serve at all times as county librarian under that act if the necessity for such services had been provided for. After his retirement from office he filed this action against the county to recover judgment against it for the sum of $840, the amount that he was entitled to at $20 per month for the remaining portion of his term after the 1930 act took effect. He set out in his petition substantially the facts (favorable to him) that we have related, and defendant demurred thereto, which the court overruled and to which defendant excepted.

It then answered denying some of the material averments of the petition and pleaded in a second paragraph that the 1930 act took effect after plaintiff's installation in office, and that under the provisions of sections 161 and 235 of our Constitution his compensation could not be increased, as the 1930 act attempted to do, during the term for which he was elected, and that as to him, and other incumbents of the same office throughout the commonwealth, the compensation provided by the 1930 act was invalid and not collectable. Another paragraph pleaded the nonperformance of the service by plaintiff. Plaintiff's demurrer filed to those two affirmative defenses was overruled with exceptions thereto by him. A reply completed the issues, and upon trial before the court (a jury being waived) judgment was rendered against the county for the full amount sued for. Its motion for a new trial was overruled, and it prosecutes this appeal. It will at once be seen that the rulings of the court referred to are apparently inconsistent, since in overruling the demurrer of defendant to the petition it, in effect, held that plaintiff was entitled to collect from the county the compensation claimed by him, but in overruling the demurrer to the second paragraph of the answer denying his right to make such collection for the reasons stated it, in effect, held that such matters constituted a valid defense; but, notwithstanding, it rendered judgment in favor of plaintiff.

Two defenses are presented by the record, which are: (1) That plaintiff rendered no services contemplat-

ed and specified in the 1930 act, and, therefore, did not earn and was not entitled to collect the compensation for which he sued; and (2) that the provisions of the two sections of the Constitution, supra, forbid the increase of his compensation while in office over that which it was when he assumed it, and for which reason he is not entitled to succeed in this case, even though the fiscal court of Greenup county had accepted the 1930 act and established the county library therein provided for. They will now be disposed of in the order named.

1. The court, having tried the case without the intervention of a jury, failed to make a separation of his findings of law and of fact, but which is required in order to authorize us to review them, and for which reason question 1 is not presented in a manner authorizing our reviewing it. It might not be amiss, however, to say, in passing, that it is not to be presumed that the Legislature passed the 1930 act with the view of creating opportunities for graft, but which would be accomplished if the act mandatorily required payment of the compensation in the absence of services rendered. However, for the reason stated we will not further elaborate upon this defense.

2. The limitations embodied in sections 161 and 235 of our Constitution have frequently been before this court for determination and application, a partial list of the cases wherein it was done is contained in the notes to those sections as published in the 1930 edition of Carroll's Kentucky Statutes, and in the 1933 Supplement supra, thereto, and they need not be repeated here. At least one of them is what we conclude directly in point and decisive of this case. It is Greene v. Cohen, 181 Ky. 108, 203 S. W. 1077. The appellee in that case was elected to and assumed the duties of the office of Commissioner of Agriculture, Labor and Statistics for the Commonwealth, commencing his term of four years on the first Monday in January, 1916. During his term and in 1918 the Legislature passed an act whereby "the scope of the office and the duties of the commissioner were somewhat extended to accomplish the enlarged purposes contemplated by the new statute. Acts 1918, p. 361." Cohen Case supra. It created the "State Live Stock Sanitary Board of Kentucky," with Cohen as such state officer "ex officio Chairman," and con-

siderably added to the duties of his office theretofore existing. It further provided that for the services required of him as such ex officio chairman he should receive an annual salary of $1,500, plus traveling and other expenses incurred while engaged in the discharge of his additional official duties thereby imposed. The then auditor refused to issue vouchers for such additional salary because he claimed that the then incumbent State Commissioner of Agriculture was not entitled to it under the provisions of the sections of the Constitution supra. That officer (Cohen) filed the action in the Franklin circuit court against the auditor to compel the latter to issue warrants covering the additional compensation created by the 1918 act therein involved.

The trial court sustained the contention of the plaintiff (Cohen), but this court reversed that judgment after reviewing many of our prior opinions, including those now relied on by plaintiff herein in support of his claim. The opinion in that case is exhaustive and illuminating—so much so that we can scarcely resist the temptation to freely quote therefrom. But since much space and time may be saved by referring the reader to it, we have concluded to forego the temptation and to content ourselves with the insertion of the closing sentence of the opinion saying: "The purpose of the constitutional inhibition was to prevent precisely what was here indirectly attempted." The cases relied on in that case in support of the officer's claim to the additional salary or compensation, and the same ones here relied on in support of the same contention, were reviewed by us, and the distinction between the facts in them and those in that case, and in this one, was clearly pointed out.

The chiefly relied on cases by plaintiff in that case were James, Auditor, v. Cammack, 139 Ky. 223, 129 S. W. 582, 584, and James, Auditor, v. Duffy, 140 Ky. 604, 131 S. W. 489, 140 Am. St. Rep. 404; but plaintiff in this case has added to those alleged supporting cases the later one of Coleman v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133. In those three cases (Cammack, Duffy, and Hurst Cases) we held, in substance, that the increased compensation provided for in all of them was in payment of duties to be performed by the officer upon

whom they were imposed in the accomplishment of purposes totally foreign to his office, since they were, in effect, imposed upon him as an individual rather than an increasing of his duties as such officer, and which may be illustrated by a brief reference to the Cammack Case. There (Cammack Case) the Legislature created a new office of special circuit court judge, with prescribed duties, the performance of which were imposed upon the regular circuit judges of the state (excepting some of them) and which required them to leave their circuit court districts and serve as special judge in other counties of the commonwealth when properly called upon to do so provided they were not engaged in their own district. The opinion held that it was within the competency of the Legislature to impose such duties upon regular circuit judges, but at the same time we said that: ''These duties are not a part of the regular jurisdiction of their [circuit judges] courts, but entirely outside of that jurisdiction. They are duties which the Legislature can either impose upon the regular circuit judges of the state or not, as it sees proper.'' At the same time it was also pointed out that the same duties might be imposed upon any other member of the bar of the state who possessed the necessary qualifications. It was also specially emphasized that the duties of the special judge therein provided for were performed outside of the regular judge's district, and many other cogent reasons were advanced showing that the alleged increased compensation there involved was not inhibited by either of the sections of the Constitution referred to.

To the same effect is the Duffy Case, and the same reasoning was employed in reaching the conclusion of the court in the Hurst Case. It requires no nicety of distinction to detect the difference between the three principal cases relied on by counsel for plaintiff herein, and the doctrine announced in the Cohen and other cases preceding and following it; nor can any sort of reasoning differentiate the facts of this case from those appearing in the Cohen opinion. As pointed out therein, the new duties imposed by the involved statute, though increasing the labor, were not foreign to those theretofore properly belonging to the office, although some of them were to be performed away from the location of the incumbent's office, and which latter fact

made that case a stronger one for the contention of the officer than is true in this case. Here the 1930 act but slightly, if at all, increased the library duties of the circuit court clerk above what were already imposed upon him by existing statutes at the time he assumed the duties of his office, and which was wholly untrue in all of the cases supra that his counsel cites and relies on in support of his contention. We deem it unnecessary to further pursue the discussion, or to catalogue all of our other cases bearing upon the question, except to say that later pertinent and more or less applicable ones are Green v. Bell County, 222 Ky. 328, 300 S. W. 857; Bright, Commissioner, v. Russell, Sheriff, 236 Ky. 567, 33 S. W. (2d) 643; Webster County v. Overby, 240 Ky. 461, 42 S. W. (2d) 707; and Pursiful v. Taxpayers' League, etc., 257 Ky. 202, 77 S. W. (2d) 783. This opinion, however, will not affect the right of present incumbents of the involved office, who perform the required duties, from collecting the additional compensation therefor, since the statute providing for it was in effect at the time of their election.

Wherefore, for the reasons stated the judgment is reversed, with directions to set it aside and to dismiss the petition.