## Johnson County v. Meek.

Feb. 3, 1939.

WHEELER & WHEELER and DON C. VANHOOSE, County Attorney, for appellant.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Johnson Circuit Court. Appellee, Winfrey Meek, took office as the circuit court clerk of Johnson County in 1928. By Chapter 63 of the Acts of 1930 (Kentucky Statutes, Section 2438c-8 et seq.) the legislature provided for the establishment of a county law library in each county, and made the circuit court clerk librarian at a salary of twenty dollars per month. It is alleged in the petition filed by the appellant, Johnson County, that the Fiscal

Court paid appellee twenty dollars per month as provided in the 1930 Act, and appellant seeks to recover the amount so paid on the ground that the action of the Fiscal Court amounted to an increase in appellee's compensation during his term of office in violation of Sections 161 and 235 of the Constitution of Kentucky. Appellee filed a demurrer to the petition and subsequently filed an answer and counterclaim. Appellant filed a demurrer to the answer and counterclaim. The court thereupon sustained appellee's demurrer to the petition but refused to pass upon the demurrer to the answer and counterclaim. Appellant declined to plead further and its petition was dismissed and this appeal followed.

In Greenup County v. Spears, 259 Ky. 114, 81 S. W. (2d) 905, it was held that a circuit court clerk who was in office at the time when the 1930 Act became effective was not entitled to receive a salary as county librarian under that act. Appellee concedes the force of the decision in the Greenup County Case, but undertakes to distinguish it on the ground that it here appears that he performed a number of extraordinary duties not theretofore required of him, and, for that reason, that he is entitled to the additional compensation.

The difficulty that we find with this contention of appellee is that all of the matters on which he relies appear in the answer and not in the petition. We are here concerned solely with the question of whether or not the petition states a cause of action. Under the Greenup County decision, it plainly does. The trial court therefore erred in sustaining the demurrer.

Judgment reversed.