## Hopson v. Department of Revenue et al.

Nov. 21, 1944.

Lawrence S. Grauman for appellant.

Eldon S. Dummit, Attorney General, Roy W. House, Assistant Attorney General, and Helen Stephenson for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK—Affirming.

The second section of Chapter 79 of the Acts of 1944, KRS 186.495, provides: "The circuit clerk of each county shall maintain an alphabetical index of all persons to whom operator's licenses have been issued in his county, which index shall be sufficient to enable the prompt locating of the complete license record of each

of such persons. Such index shall at all times be available for inspection by the State Highway Patrol and other officers charged with the duty of enforcing highway laws." The first section of the Act, KRS 186.410, provides, among other things, that the clerk shall retain 10 cents of the cost of each license for maintaining the index. The special chancellor ruled that the Act was not applicable to circuit clerks now in office because of the mandate of Sections 161 and 235 of our Constitution.

In urging reversal the appellant insists that the requirement for an alphabetical index is not a duty added to his office for which no compensation may be allowed during his term, but is a duty wholly outside the duties which a circuit clerk is required to perform. The appellees take the opposite view.

The applicable parts of the constitutional sections follow:

161. "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; * *."

235. "The salaries of public officers shall not be changed during the terms for which they were elected; * * *." This Court has been called upon many times to construe these sections of the Constitution. Speaking generally, the decisions are to the effect that a public officer's compensation, regardless of whether he is paid by salary or fees or both, can not be changed during his term of office unless new duties beyond the scope of his office are added by the General Assembly.

The appellant relies upon the cases of James v. Cammack, 139 Ky. 223, 129 S. W. 582, and Coleman v. Hurst, 226 Ky. 501, 11 S. W. 2d 133, in urging that the constitutional sections be liberally construed and the Act in question upheld. In the Cammack case the Court held the duty of acting as a special judge was one foreign to and outside the scope of his regular duties of circuit judge and for which he could receive additional compensation without contravening Sections 161 and 235 of the Constitution. The same reasoning was followed in the Hurst case, where additional compensation was allowed circuit judges for serving as members of the Judicial Council. In each instance the added duties for which additional compensation was al-

lowed were held to fall outside the scope of the regular duties of the circuit judge.

We think the case before us falls under the rule laid down in Greenup County v. Spears, 259 Ky. 114, 81 S. W. 2d 905, and Bright, Commissioner of Agriculture, v. Russell, Sheriff, 236 Ky. 567, 33 S. W. 2d 643, 644, and cases cited therein. In the Spears case incumbent circuit clerks were not allowed additional compensation for serving as county librarian under Chapter 63 of the Acts of the General Assembly of 1930, because the statute merely increased the library duties already imposed upon them, the duties not being foreign to similar duties theretofore belonging to the office. The Russell case is even a stronger one, because there additional compensation was denied sheriffs for issuing dog licenses under Chapter I of the Acts of 1930, which provided that the sheriffs instead of the county clerks should issue such licenses. During the course of the opinion it was said: "* * * It is wholly immaterial whether the charge for the license be a tax or license fee, or that the duty of collection had theretofore devolved upon the county clerk. The fee is a part of the revenue of the county, and the sheriff has always been a collector of revenue. The duty of collection was imposed upon the county clerk, not by the Constitution, but by statute, which the Legislature had the power to change, and did change, by transferring the duty to the office of sheriff. The additional duty is not imposed on the sheriff as an individual, nor is it to be performed outside of the sheriff's bailiwick. On the contrary, it is imposed on the sheriff as sheriff, and is to be performed by the sheriff in the county of which he is sheriff. In the circumstances there is no basis for the contention that the additional duty is outside of and independent of the office of sheriff. The case is simply one where new duties are imposed with a fee attached, and under the numerous cases cited above, and others that might be mentioned, the additional fee is a change of compensation within the meaning of the Constitution as to all sheriffs in office at the time the change was made. It follows that appellee and other sheriffs are not entitled to the fee."

Since 1934 it has been the duty of circuit clerks to issue driver's licenses. The issuance of those licenses has been a definite and specific part of the duties of these

officers from that date. The Act under consideration merely provides for the maintenance of a particular type of index for all driver's licenses. As pointed out by the appellees, it would be difficult to conceive of an efficient clerk's office which did not already have a satisfactory indexing system for driver's licenses. We believe the maintaining of such an index is so closely related to and connected with the duty of issuing the licenses that it can not be held to be a new duty outside the present scope of the duties of circuit clerks. There was no imposition of a duty on the clerks as individuals to be performed outside the line of their duties. Of course, clerks who take office at the beginning of 1946 will be entitled to the additional compensation.

Judgment affirmed.

Whole Court sitting.